UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

─────────────────────────────────────────────

GRETCHEN L. WAKATANI,

      Plaintiff,

      v.                      Case No. 23-C-1300

JOSE DERAS,

      Defendant.

─────────────────────────────────────────────

**DECISION AND ORDER**

─────────────────────────────────────────────

      Plaintiff Gretchen Wakatani brought this action against Defendant Oneida Police Officer Jose Deras, alleging that, on June 8, 2023, Officer Deras violated her constitutional rights by performing a pat-down search of Wakatani without her consent when he responded to a call to a residence where Wakatani was attempting to remove her belongings. Officer Deras removed the case from Outagamie County Small Claims Court to this court pursuant to 28 U.S.C. §§ 1331 and 1441. On November 3, 2023, Officer Deras filed a motion for sanctions pursuant to Federal Rule of Civil Procedure 11. Officer Deras argues that the complaint violates Rule 11 because it is not supported by any good faith basis in law or fact. He asserts that, although Wakatani asserts that Officer Deras searched her without her consent, the bodycam video footage shows that Officer Deras conducted a pat-down search after receiving Wakatani's consent to do so. Officer Deras requests that the court find that the complaint violates Rule 11 and order Wakatani to pay the attorney's fees and costs he incurred in responding to the action.

      Although the motion, by its terms, seeks only sanctions, the court understands it to be a motion for dismissal with a request for attorney fees as a sanction. Because the motion relies on

facts outside of the pleadings, Rule 12(d) of the Federal Rules of Civil Procedure requires that the court treat it as one for summary judgment. Even though the court already instructed Wakatani that she must respond to the motion, the court concludes that the instructions should be made more explicit, given the relief Officer Deras is seeking. Accordingly, the court deems the motion for sanctions as one for summary judgment pursuant to Rule 12(d). The clerk is directed to provide Wakatani with a copy of the text to Federal Rule of Civil Procedure 56(c), (d), and (e), Civil L.R. 56(a), Civil L.R. 56(b), and Civil L.R. 7. Wakatani is instructed to respond to the motion within 30 days of the date of this order. If Wakatani fails to respond to the motion by the deadline, the court will accept all facts asserted by Officer Deras as undisputed, which will likely result in summary judgment being granted in Officer Deras' favor and the case being dismissed. Further, the court reminds Wakatani that, under Civil L.R. 56(b)(9), failure to comply with the requirements of Civil L.R. 56 may result in sanctions up to and including the court granting Officer Deras' motion.

**SO ORDERED** at Green Bay, Wisconsin this 29th day of November, 2023.

s/ William C. Griesbach
William C. Griesbach
United States District Judge