UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

GRETCHEN L. WAKATANI,

        Plaintiff,

        v.                              Case No. 23-C-1300

JOSE DERAS,

        Defendant.

---

## DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR ATTORNEY FEES

---

Plaintiff Gretchen Wakatani brought this action against Defendant Oneida Police Officer Jose Deras, alleging that, on June 8, 2023, Officer Deras violated her constitutional rights by performing a pat-down search without her consent. Officer Deras filed a motion for summary judgment and for sanctions pursuant to Federal Rule of Civil Procedure 11. On January 31, 2024, the court granted the motion for summary judgment, finding that there was no Fourth Amendment violation because the bodycam footage of the incident unequivocally demonstrated that Wakatani gave her consent to the pat-down search performed by Officer Deras. Dkt. No. 19. The court also granted Officer Deras' motion for sanctions and directed Wakatani to pay Officer Deras' attorney fees and costs incurred in responding to the action. *Id.*

This matter comes before the court on Officer Deras' motion for attorney fees in the amount of $11,670.00. Wakatani has not responded to the motion and the time to do so has passed. A district court enjoys broad discretion in setting a sanction award that it believes will serve the deterrent purposes of Rule 11. *See Divane v. Krull Elec. Co.*, 319 F.3d 307, 314 (7th Cir. 2003). "A party defending a frivolous paper has a duty under Rule 11 to mitigate its legal fees and

expenses by resolving frivolous issues quickly and efficiently. *Id.* at 321 (internal quotation marks and citation omitted).

In this case, Officer Deras has provided thorough explanations for the fees incurred in defending against this lawsuit. Officer Deras has voluntarily deducted $3,687.50 in attorney fees incurred from his fee request, and he is not seeking an award of costs. The court concludes that the requested attorney fee amount of $11,670.00 is reasonable. In addition, after his attempts to persuade Wakatani to voluntarily dismiss the action failed, Officer Deras filed a motion for summary judgment and for sanctions. By promptly filing the motion, Officer Deras mitigated his fees by resolving this case quickly and efficiently. Because Officer Deras provided detailed explanations for his reasonable attorney fees, and Wakatani has not offered any argument as to why these fees are inappropriate, the court will grant Officer Deras' motion for attorney fees in the amount of $11,670.00.

Officer Deras also requests that the court enter an amended judgment relating to the award of attorney fees. Costs and attorney fees are not part of the merits of the action and, as a result, they do not affect the substance of a judgment. "[A] motion for attorney's fees is unlike a motion to alter or amend a judgment. It does not imply a change in the judgment, but merely seeks what is due because of the judgment." *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 452 (1982) (alterations in original) (citation omitted); *see also Comm'rs of Highways v. United States*, 684 F.2d 443, 446 n.3 (7th Cir. 1982) (noting that *White v. New Hampshire Department of Employment Security*, 455 U.S. 445 (1982), holds that "attorneys' fees are not part of the judgment"). Accordingly, the court will not enter an amended judgment to include an award of attorney fees.

**IT IS THEREFORE ORDERED** that Officer Deras' motion for attorney fees (Dkt. No. 23) is **GRANTED**. Wakatani shall pay to Officer Deras the amount of $11,670.00 in attorney fees.

Dated at Green Bay, Wisconsin this 28th day of March, 2024.

s/ William C. Griesbach
William C. Griesbach
United States District Judge